**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
PAUL R.M. CULLEN
Nevada Bar No.: 12355
pcullen@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAN ILARDI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE PARTNERS OF NEVADA, a Limited Liability Company; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Jan Ilardi ("Ilardi"), by and through her counsel of record, Andrew L. Rempfer, Esq. and Paul R.M. Cullen, Esq. of Cogburn Law Offices, hereby alleges and complains against Healthcare Partners of Nevada, LLC ("Defendant") as follows:

### GENERAL ALLEGTIONS

1. Ilardi was, at all times relevant, a resident of Clark County, Nevada.

2. Defendant was, at all times relevant, a Nevada-based limited liability company.

3. At all times relevant, Defendant was Ilardi's employer, as that phrase is defined under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA") and Nevada's state law equivalent: N.R.S. § 613.330 as well as Title VII, 42 U.S.C. 2000e-2.

4. The wrongful acts complained of herein occurred in Clark County Nevada and, as such, jurisdiction is properly invoked in the District Courts of this County.

5. Defendant employed Ilardi as a Practice Manager. Ilardi earned $25.20 per hour.

6. The true names of DOES I through X and Roe Corporations I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Ilardi who therefore sues this Defendant by such fictitious names. Ilardi is informed and believes, and therefore alleges, that Defendant, including DOES I through X and Roe Corporations I through X, were individuals who are in some manner negligent and wrongful towards Ilardi, caused injury to Ilardi, and/or otherwise damaged Ilardi. Ilardi is further informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X and Roe Corporations I through X, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to Ilardi including but not limited to causing Ilardi to not be paid her lawful wages. Ilardi will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

**JURISDICTION AND VENUE**

7. This action is brought pursuant to the ADA and Title VII.

8. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

9. This action also arises out of claims arising out of Nevada's anti-discrimination statutes, N.R.S. § 613.330 as well as claims arising under the common law of the State of Nevada. These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a).

10. Ilardi has satisfied all administrative and jurisdictional conditions precedent before filing suit, including receiving a Right to Sue Letter and filing this action within 90 days of receipt of it.

11. Venue is proper in the District of Nevada, its unofficial southern district, pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## FACTUAL ALLEGATIONS

12. Defendant hired Ilardi in March 2004 as a PBX/Medical Assistant.

13. Ilardi has Lupus. In February 2013, Ilardi told Defendant she has Lupus.

14. According to the Mayo Clinic, Lupus is a chronic inflammatory disease that occurs when your body's immune system attacks your own tissues and organs. Inflammation caused by lupus can affect many different body systems — including your joints, skin, kidneys, blood cells, brain, heart and lungs. Lupus can be difficult to diagnose because its signs and symptoms often mimic those of other ailments.[1] The most common signs and symptoms include:

- Fatigue and fever
- Joint pain, stiffness and swelling
- Butterfly-shaped rash on the face that covers the cheeks and bridge of the nose
- Skin lesions that appear or worsen with sun exposure
- Fingers and toes that turn white or blue when exposed to cold or during stressful periods (Raynaud's phenomenon)
- Shortness of breath
- Chest pain
- Dry eyes
- Headaches, confusion, memory loss[2]

15. Ilardi was subjected to numerous unwelcomed, objectionable and offensive comments by her supervisor, Nalani Iontayao.

16. Iontayo forced Ilardo to watch religious-based videos while working. Iontayo said: "the reason your health is not great is because you don't have a good relationship with God."

17. Iontayo texted coercive religious messages such as saying Ilardi should "pray more".

18. Ilardi internally complained to Defendant's Human Resources Department. Defendant failed to investigate or remediate Ilardi's allegations.

19. After Ilardi complained to HR, Defendant forced Ilardi to take FMLA leave so

---

[1] Mayo Clinic Definition of Lupus: http://www.mayoclinic.org/diseases-conditions/lupus/basics/definition/con-20019676. Retrieved May 16, 2014

[2] Mayo Clinic Symptoms of Lupus: http://www.mayoclinic.org/diseases-conditions/lupus/basics/symptoms/con-20019676. Retrieved May 16, 2014.

she could "consider[] the option to pray more."

20. Defendant constructively discharged Ilardin in September 2013.

21. Ilardi filed a Charge of Discrimination for violation of her rights under the ADA and Title VII on December 24, 2013.

22. On February 21, 2014, EEOC issued Ilardi her Right to Sue Letter.

## FIRST CLAIM FOR RELIEF

**(Violation of the ADA & N.R.S. 613.330)**

23. Ilardi repeats and realleges each allegation above as if fully set forth herein.

24. Both the ADA and N.R.S. § 613.330 render it illegal to discriminate against an employee who has, or is regarded as having, a disability.

25. Defendant knew Ilardi was disabled or regarded her as disabled.

26. As alleged in paragraphs 14 through 19, *supra*, Defendant discriminated against Ilardi, in part, because of her disability and/or because Defendant perceived Ilardi as disabled.

27. Defendant knew and/or regarded Ilardi as disabled because it forced Ilardi out on "leave", which was discriminatory and in violation of public policy.

28. As a direct and proximate cause of Defendant's acts, Ilardi has been damaged in an amount to be determined at trial.

29. Defendant's actions were malicious, oppressive, fraudulent and/or done with reckless indifference to Ilardi's rights, thus justifying an award of punitive damages.

30. Ilardi has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. § 12101 et. seq. and/or N.R.S. § 613.330 et. seq., Ilardi is entitled to her attorneys' fees as a result of Defendant's acts.

## SECOND CLAIM FOR RELIEF

**(Violation of Title VII – Religious Discrimination & Hostile Work Environment Based on Religion – 42 U.S.C. § 2000e-2(a)(1) and N.R.S. § 613.330)**

31. Ilardi repeats and realleges each allegation above as if fully set forth herein.

32. 42 U.S.C. § 2000e-2(a)(1) makes it unlawful for an employer to subject an

employee to a hostile work environment based on religion. N.R.S. § 613.330 et. seq. contains a similar prohibition.

33. As alleged above in paragraphs 14 through 19, *supra*, Defendant and its employees created a hostile work environment based on religion by, among other things, forcing Ilardi to watch religious material to "cure" her medical condition and text her religious-based messages against her free will.

34. Ilardi complained to HR about the hostile work environment based upon the constant religious comments made towards her by Iontayao regarding her disability or perceived disability.

35. Defendant ignored Ilardi's complaints. Instead, HR forced Illardi to take FMLA and "consider[] the option to pray more".

36. Ilardi was forced out on leave in retaliation for complaining to HR about her hostile work environment.

37. The hostile work environment was both objectively hostile such that a reasonable person would consider Defendant's actions hostile, as well as subjectively hostile such that Illardi found it so unbearable she was eventually constructively discharged.

38. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 2000e *et. seq.* and N.R.S. § 613.330 et. seq., Ilardi has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, loss of self-esteem in excess of $10,000, in an amount to be determined at trial. Therefore, Ilardi seeks all legal and equitable remedies available at law.

39. Defendant's above-referenced acts were fraudulent, malicious, oppressive and done with the intent to harm Ilardi. Consequently, Ilardi seeks an award of punitive damages in an amount sufficient to punish and deter Defendant from harming other similarly situated employees.

40. Ilardi has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. § 2000e-5 et. seq. and/or N.R.S. § 613.330 et. seq., Ilardi is entitled to her attorneys' fees as a result of Defendant's acts.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ilardi prays for judgment against Healthcare Partners as follows:

1. For a trial by jury;
2. For compensatory and punitive damages;
3. Prejudgment interest;
4. Reasonable attorneys' fees and costs; and
5. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Ilardi hereby files her request for a jury trial.

Dated this 16th day of May 2014     Respectfully Submitted By:



COGBURN LAW OFFICES

Andrew L. Rempfer, Esq.